September 29, 2025

<u>Via ECF</u>

The Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>*Quantum BioPharma Ltd. v. CIBC World Mkts. Inc. et al.*</u>, No. 24-cv-7972

Dear Judge Ramos:

      Pursuant to Item 1.A of Your Honor's Individual Practices, we write on behalf of Defendants CIBC World Markets Inc. and RBC Dominion Securities Inc., to advise the Court of Judge Ho's recent decision in *Phunware, Inc. v. UBS Securities LLC*, No. 23-cv-6426 (Sept. 12, 2025) ("*Phunware III*"), attached as Exhibit A. While Defendants' pending motion to dismiss (ECF No. 36) demonstrates that the complaint should be dismissed on multiple grounds, including without limitation lack of jurisdiction, forum non conveniens, and statute of limitations, *Phunware III* further supports dismissal on the separate basis that Quantum fails to adequately plead loss causation based on a long-term price impact theory.

      In *Phunware III*, Judge Ho categorically dismissed, for failure to plead loss causation, any spoofing-related "claims arising under a long-term price impact theory." *Id.* at 10.[1] Like Quantum does here, the plaintiff in *Phunware* attempted to plead loss causation based on a "long-term price impact theory," alleging that even where it did not sell stock shortly after an alleged spoof, it nonetheless suffered a loss because the price impact "extended beyond the specific spoofing cycle . . . [and] the market neither immediately nor fully rebounded from the manipulated prices." *Id.* at 7. The plaintiff in *Phunware* supported that theory in part with a "60-day chart"—a chart almost exactly like the one Quantum relies on here—that "purport[ed] to show a decline in the price of Phunware stock relative to Nasdaq indexes after a spoofing episode." *Id.* In his decision, Judge Ho dismissed any claims based on that theory, holding that even at the motion to dismiss stage, the plaintiff's allegations of long-term price impact were "too conclusory." *Id.* Judge Ho also rejected the 60-day chart because, like Quantum's chart here, it "depicts nothing more than a price decline" over time, but does not show that the alleged "spoofing *caused* [the] decline." *Id.* (quoting *Nw. Biotherapeutics, Inc. v. Canaccord Genuity LLC*, 2025 WL 934319, at *16 (S.D.N.Y. Mar. 26, 2025)).

---

[1] This included dismissal of claims brought under Sections 10(b) and 9(a)(2) of the Exchange Act, as well as New York common law fraud claims, all of which include "loss causation [as] a required element." Ex. A at 5.

Hon. Edgardo Ramos -2-

Here, for the reasons explained in Defendants' motion to dismiss briefs (ECF Nos. 36 & 41), Quantum's loss causation allegations fail under *either* a short-term temporal proximity theory or a long-term impact theory.[2] But even if the Court finds that Quantum has adequately pleaded temporal proximity for some of its sales, *Phunware III* leaves no doubt that, at the very least, any claims based on a long-term impact theory must be dismissed in their entirety.

Respectfully Submitted,

| | |
|---|---|
| */s/ Kevin P. Broughel* | */s/ Alexander J. Willscher* |
| Kevin P. Broughel | Alexander J. Willscher |
| Brian L. Muldrew | Matthew J. Porpora |
| Zoe Lo | Jonathan S. Carter |
| KATTEN MUCHIN ROSENMAN LLP | SULLIVAN & CROMWELL LLP |
| 50 Rockefeller Plaza | 125 Broad Street |
| New York, New York 10020 | New York, New York 10004 |
| Telephone: (212) 940-8800 | Telephone: (212) 558-4000 |
| Facsimile: (212) 940-8776 | Facsimile: (212) 558-3588 |
| kevin.broughel@katten.com | willschera@sullcrom.com |
| brian.muldrew@katten.com | porporam@sullcrom.com |
| zoe.lo@katten.com | carterjo@sullcrom.com |
| | |
| Charles A. DeVore (admitted *pro hac vice*) | David N. Whalen (admitted *pro hac vice*) |
| Benjamin Levine (admitted *pro hac vice*) | SULLIVAN & CROMWELL LLP |
| KATTEN MUCHIN ROSENMAN LLP | 1700 New York Avenue, N.W., Suite 700 |
| 525 W. Monroe Street | Washington, D.C. 20006 |
| Chicago, Illinois 60661 | Telephone: (202) 956-7500 |
| Telephone: (312) 902-5200 | Facsimile: (202) 293-6330 |
| Facsimile: (312) 902-1061 | whalend@sullcrom.com |
| charles.devore@katten.com | |
| benjamin.levine@katten.com | *Counsel for RBC Dominion Securities Inc.* |
| | |
| *Counsel for CIBC World Markets Inc.* | |

cc: All Counsel of Record (via ECF)

---

[2] As Defendants have explained (ECF No. 41 at 17-19), Quantum's short-term temporal proximity theory fails because it does not adequately allege that it sold stock sufficiently close in time to any alleged spoof. In prior rulings, the *Phunware* court allowed claims to proceed on a short-term temporal proximity theory where the plaintiff alleged "instances of sales *within seconds* of Defendant's spoofing activity," *Phunware, Inc. v. UBS Sec. LLC*, 2024 WL 4891891, at *2 (S.D.N.Y. Nov. 26, 2024) ("*Phunware II*") (emphasis added), but held that sales made "two hours" after an alleged spoof were insufficient, *Phunware, Inc. v. UBS Sec. LLC*, 2024 WL 1465244, at *6-7 (S.D.N.Y. Apr. 4, 2024) ("*Phunware I*").